**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-40917
Summary Calendar

VERNON LEVIEGE,

Plaintiff-Appellant,

VERSUS

ST. MARY'S HOSPITAL, St. Mary's Hospital, Galveston (a member of Sisters of Charity of the Incarnate Word, Houston, Texas),

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Texas
(G-94-CV-682)
May 4, 1998

Before DUHÉ, DeMOSS, DENNIS, Circuit Judges.

JOHN M. DUHÉ, JR., Circuit Judge:[1]

This case concerns the crime-fraud exception to the attorney-client privilege. An employee sued his former employer alleging race based discrimination. During trial, the employer called an African-American female employee to testify that she had never experienced workplace discrimination. As rebuttal evidence, the

---

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

employer asked the court to call his former lawyer to testify arguing that the lawyer would show that the witness had perjured herself. The trial court refused finding that the lawyer's knowledge resulted from the lawyer consulting with the witness as a client. The court held that the privilege arose and that the employee could not show that the crime-fraud exception applied. We affirm.

## I.

Vernon Leviege ("Leviege") sued his former employer, St. Mary's Hospital ("St. Mary's") alleging that he was fired because of his race. Shortly before trial, Leviege's attorney, Anthony Griffin ("Griffin"), successfully moved to withdraw as counsel claiming that he had a conflict of interest. Griffin stated that he had earlier consulted with Linda Ferguson ("Ferguson"), a St. Mary's employee and a potential witness for the hospital, about a related matter. He further stated that she had perjured herself in her deposition.

When St. Mary's called Ferguson to the stand, she testified both on direct and cross-examination that, as an African-American female, she had never experienced discrimination at St. Mary's. Leviege asked to court to allow him to call Griffin to rebut Ferguson's testimony. St. Mary's objected on the grounds of attorney-client privilege. Leviege argued that Griffin could overcome the privilege through the crime-fraud exception. The

2

trial court disagreed stating that Leviege offered no evidence that Ferguson planned to commit a crime or fraud upon the court when she consulted Griffin.  The jury found that St. Mary's did not discriminate against Leviege.  Leviege now appeals arguing that the district court erred in not accepting his offer of proof regarding the excluded evidence and that the district court erred in refusing to permit Griffin to testify.

## II.

We review the trial court's decision not to allow Griffin's testimony for abuse of discretion.  United States v. Zolin, 491 U.S. 554, 572 (1989); In re Grand Jury Proceedings, 55 F.3d 1012, 1015 (5th Cir. 1995).

Leviege argues that Rule 103(a)(2) requires litigants to make an offer of proof.  While Leviege may correctly state the rule, it does not apply here.  The Supreme Court in Zolin[2] held that a district court *may* review the allegedly privileged communication in camera to decide if the crime-fraud exception applies.  Zolin, 491 U.S. at 564 (emphasis added).  The word "may" is an inherently permissive one; thus, by definition it cannot require.  We hold, therefore, that the district court does not have to review an offer of proof.  In fact, the Supreme Court in Zolin set out the standard by which district courts should be guided when determining if an in

---

[2]We note with interest that Appellant's brief does not mention this case even though it is a Supreme Court case that directly controls the outcome.

3

camera hearing is needed. The Court held that a judge should require a showing of factual basis adequate to support a reasonable person's good faith belief that an in camera review may reveal evidence establishing that the crime-fraud exception applies. Zolin, 491 U.S. at 572. Should the offeror overcome that hurdle, the court may then conduct an in camera review. Id. Here, Leviege did not show any factual basis that Ferguson consulted Griffin with the intent to plan a crime or a fraud. The fact that she may have perjured herself in the deposition or at trial is not sufficient. Leviege was required to show that when she consulted Griffin, she intended to lie in her deposition and/or at trial.

Leviege's second argument is that the trial court should have permitted Griffin to testify because Ferguson waived her privilege. In support, he points to the fact that St. Mary's lawyer said that Ferguson had described the basic nature of her visit with Griffin in a meeting they had to discuss the case. We do not decide whether Ferguson waived her privilege. Leviege did not argue waiver to the district court, and thus, we cannot consider the argument. Arguments not made to the district court are waived and cannot be raised on appeal. United States v. Layne, 43 F.3d 127, 134 (5th Cir. 1995); United States v. Burian, 19 F.3d 188, 190 n.2 (5th Cir. 1994). Thus, we hold the trial court's refusal to let Griffin testify was not an abuse of discretion.

AFFIRMED.

4